Dear Mr. Dupuis:
You have requested an opinion of the Attorney General, in your capacity as Chief Legal Counsel for the Lafayette Consolidated Government, relative to the legality of proposed City Ordinance No. 007-2000 (Ordinance). The Ordinance seeks to authorize the payment of salaries and related benefits to four Department of Public Works employees for the period beginning June 4, 1999 and ending October 30, 1999. The facts as presented in your request may be summarized as follows:
In April, 1999, the City-Parish Civil Service Director recommended, and the Civil Service Board (Board) approved, reallocations and/or reassignments to pay ranges for the four employees. These changes were held in abeyance until a later Board meeting which addressed many other class changes for numerous Lafayette City-Parish Consolidated Government employees. The Board approved fifty-two reallocations to which the four previously approved changes should have been added. Effective June 4, 1999, the Lafayette City-Parish Council (Council) approved a large mid-year budget revision for adjustments, resulting in pay increases for the fifty-two employees. Through clerical and/or administrative error in the Civil Service Office, these four employees were not included in the June budget revision Ordinance.
The mistake was discovered right after the Council approved the mid-year budget revision, and another budget revision Ordinance was prepared to correct the mistake. By the time the Ordinance was prepared, the fiscal year was almost over and a decision was made by the Director of Public Works not to bring this matter to the Council for consideration. Instead, the four employees were included in the new budget, and their reclassifications and pay increases commenced November 1, 1999.
The four employees thereafter filed a grievance with the Lafayette City-Parish Consolidated Government Administration (Administration) because of their loss of pay due to the Civil Service Department error. The Administration reviewed the grievance and concluded that: (1) the pay increases for the four employees had, in fact, been approved by the Board and (2) the four employees failed to receive their increases due to an administrative error. The Ordinance proposed to be enacted would rectify this error.
In the interim, the four employees continue to demand payment of these wages. They have indicated their intentions to file suit for past due wages, penalties, attorney's fees and costs. Given this factual scenario, you ask whether the proposed Ordinance can form the legal basis for the payment of these back wages.
We find this issue to be controlled by the provisions of ArticleVII, Section 14(A) of the 1974 Louisiana Constitution. It provides, in pertinent part, the following:
 Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited, as same would be tantamount to a donation. In accord, our Attorney General Opinion Nos. 95-440, 95-323, 93-295, 89-190, 88-344 and 80-8056.
Essentially, all of these authorities site the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the authorities cited above were found to be invalid.
Conversely, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v.Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989) writ denied. Therein, the Court held:
 We are presented with a factual determination: Were the two payments which defendant paid to himself, extra compensation for past services rendered or salaries for services rendered for which no salary was drawn when the services were rendered?
In Attorney General Opinion No. 86-639, this office opined that payments representing salary increases from the time a political subdivision contingently adopted a salary proposal to the time the money became available from reserve legal fees could not be made as such would constitute a retroactive payment of raises. Notwithstanding the fact that the political subdivision had previously approved the increases, the approval was contingent upon obtaining the necessary funds.
In Attorney General Opinion No. 88-344, the issue was whether the Harahan Board of Aldermen (Board) could, in 1988, compensate three city employees for work performed by the employees in 1987. The three employees worked 30 hours a week prior to 1987. In 1987 a new mayor increased the work hours for those employees to 35 hours per week. There was no agreement to pay the employees any additional compensation, nor did the employees receive any increases in salary for the additional work hours. In 1988 the mayor resigned. His successor then reduced the affected employees work week back to 30 hours. Again, there was no change in compensation. Subsequently, the Board voted to authorize payment of additional compensation for the extra five hours per week worked by the employees in 1987. This office opined that the retroactive compensation for services previously compensated by the city was prohibited by Article VII, Section 14.
We believe the facts relating to the issue presented in your request to be distinguishable from those described in Opinion Nos. 86-639 and 88-344. In the situation at hand, the Board approved the reallocation of the four employees to higher pay ranges. The implementation of the reallocations was held in abeyance so that additional reallocations could be considered and executed at the same time. The evidence is clear that funding was readily available for all the reallocations, including the four employees in question. Their omission from the June budget revision was clearly an administrative or clerical error. Accordingly, we believe the Council can and should remedy this error and grant the four employees the difference in pay they should have received for the period June 4, 1999 through October 30, 1999. We further opine that this action can be effected through the passage of Ordinance No. 007-2000.
Trusting this adequately responds to your inquiries, I am
 Very truly yours, RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/sfj
Mr. Steve Dupuis Chief Legal Counsel Lafayette Consolidated Government P.O. Drawer 4425 Lafayette, LA 70502
DATE RECEIVED: DATE RELEASED: March 13, 2000
Rob E. Harroun, III Assistant Attorney General